UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MIDTOWN INVESTMENTS, L.L.C. | * | CIVIL ACTION NO: |
| VERSUS | * | 07-068 |
| STATE FARM FIRE AND CASUALTY COMPANY | * | MAGISTRATE |

SECT. J  MAG. 3

## NOTICE OF REMOVAL

TO:  Honorable Judges of the United States District Court
Eastern District of Louisiana

NOW INTO COURT, through undersigned counsel, comes defendant, State Farm Fire and Casualty Company (hereinafter **State Farm**), which now files this Notice of Removal pursuant to 28 USC § 1441 and 28 USC § 1446, and hereby removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court for the reasons set forth below.

1.

On or about August 28, 2006, plaintiff, Midtown Investments, L.L.C. filed this lawsuit against State Farm in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing case number 06-9683, Division "H" and entitled, "Midtown Investments, L.L.C. versus State Farm Fire and Casualty Company".[1] State Farm was served on December 7, 2006 with the Petition through the Louisiana Secretary of State.[2]

2.

The suit seeks insurance coverage, damages and penalties from State Farm for its alleged

---

[1] Exhibit 1 (Petition for Damages).

[2] See Exhibit 2 (Service Return on Secretary of State).

failure to provide coverage and payment for certain claims made under plaintiffs' commercial business insurance policy in connection with Hurricane Katrina, and further seeks damages, penalties and attorney fees from the defendant for alleged arbitrary and capricious adjustment of said claims and/or delay in making such payments.

3.

State Farm desires to have this matter removed from the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana, under the provisions of 28 USC § 1441 et. seq. and 28 USC § 1446 et. seq.

4.

This Court has original jurisdiction of this action under 28 USC § 1332, and this action, is therefore, removable to this Court on the basis that:

(A) the properly joined parties to this action are completely diverse:

    1. Plaintiff Midtown Investments, L.L.C. is a domestic limited liability company which is domiciled in Louisiana with its domicile address being 365 Canal Street, Suite 2700, New Orleans, Louisiana, 70130[3]; and

    2. State Farm is a foreign insurer with its principal place of business in the State of Illinois.

(B) The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interests and costs as plaintiff's insurance policy with defendant has policy limits in excess of $75,000.00

---

[3] See Exhibit 1 (Petition for Damages, Preamble, Page 1, and Louisiana Secretary of State records.

5.

In addition, plaintiff alleges that it is the owner of commercial structures located in multiple locations, (paragraph 3 of Petition for Damages) and that Hurricane Katrina severely damaged the properties; and that it is entitled to penalties pursuant to LSA - RS 22:658 et. seq. and LSA - RS 22: 1220, et. seq., including 50 % penalties, plus 50% attorney fees and other penalties set forth therein. [4]

6.

Moreover, plaintiff fails to allege that its claims do not exceed $75,000.00; [5] Therefore, "pursuant to a recent amendment to LA CCP Art 893, plaintiff has in effect conceded in its State court pleading that the requisite and jurisdictional amount is in controversy, by failing to allege that its claims are for less than the requisite amount for the exercise of Federal jurisdiction. [6]

7.

In addition, on December 14, 2006, counsel for State Farm forwarded a letter to plaintiff's counsel, along with a formal Stipulation, requesting that plaintiff execute the attached Stipulation attesting to the fact that its damages were less than $75,000.00, exclusive of interest

---

[4] See Exhibit 1, Petition for Damages, Paragraphs IX, X and XI.

[5] This omission is significant because Federal District Courts in Louisiana have previously held that such an omission creates a strong presumption in favor of jurisdiction since under Louisiana Code of Civil Procedure Article 893 "if the claim seeks less than the requisite amount for the exercise of Federal jurisdiction, plaintiffs are required to so allege in the Petition." See Footnote 1 for Minute Entry, Albert v. Jordan, 05-516 (W.D. LA. 2005); see also note 1, Minute Entry, Bradley v. Jordan, 05-517 (W.D. LA. 2005); see also note 1, Minute Entry, Reed v. Marsh USA Ins. Co., 05-518 (W. D. LA. 2005); see also note 1 Minute Entry, Dorn v. Marsh USA Ins. Co., 05-519 (W.D. LA 2005).

[6] See Minute Entry from Dupuis v. American Home Assurance Co., 05-1240 (W.D. LA. 2005).

and costs, or else defendant would be removing this matter to Federal court. Multiple telephone calls were made and messages left with counsel for plaintiff; however, to date plaintiff and its counsel have refused to sign the Stipulation or indicate whether plaintiff's damages alleged are less than of $75,000.00. Thus, it is readily apparent from the face of the plaintiff's Petition for Damages as well as plaintiff's refusal to sign the formal Stipulation, that such damages, if proven, satisfy the jurisdictional amount. [7]

8.

State Farm Fire and Casualty Company was served with the Petition for Damages through its agent for service of process, Louisiana Secretary of State, on December 7, 2006 (Exhibit 2 - Receipt for Service)

9.

The Petition for Removal is being filed within thirty (30) days of the receipt by State Farm of the initial pleading setting forth the claim or relief upon which the Civil Action is based, all in accordance with 28 USC § 1446 (b).

10.

Pursuant to 28 USC § 1446 (a), a copy of the Petition is attached hereto and marked for identification as Exhibit 1. Pursuant to 28 USC § 1446 (d), a copy of this Notice of Removal is being served upon counsel for Midtown Investments, L.L.C., a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana. No other process, pleadings, or Orders have been served upon defendant.

11.

No previous application has been made for the relief requested herein.

---

[7] See Exhibit 1, Petition for Damages.

12.

A Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

WHEREFORE, removal defendant, State Farm Fire and Casualty Company, prays that the above numbered and entitled cause of action on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, be removed from said court to the docket of the United States District Court for the Eastern District of Louisiana, and for all other general and equitable relief.

                MCCRANIE, SISTRUNK, ANZELMO
                HARDY, MAXWELL & MCDANIEL
                3445 North Causeway Boulevard
                Suite 800, Metairie, LA 70002
                Telephone: (504) 831-0946
                Telecopier: (504) 831-2492

---

THOMAS P. ANZELMO (2533) (tanzelmo@mcsalaw.com)
PETER J. WANEK (23353) (pwanek@mcsalaw.com)
C. DEVIN FADAOL (26878) (dfadaol@mcsalaw.com)
Attorneys for Defendant, State Farm Fire
      and Casualty Company

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on counsel of record by placing the same in the United States Mail, postage prepaid and properly addressed, January 3, 2007.

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MIDTOWN INVESTMENTS, L.L.C. | * | CIVIL ACTION NO: |
| VERSUS | * | JUDGE |
| STATE FARM FIRE AND CASUALTY COMPANY | * | MAGISTRATE |

### VERIFICATION OF PETITION OF REMOVAL

STATE OF LOUISIANA

PARISH OF JEFFERSON

     BEFORE ME, personally came and appeared Peter J. Wanek, who after being by me first duly sworn under oath states that he is the attorney for State Farm Fire and Casualty Company, the defendant in the aforesaid Petition filed by plaintiff, and that he has authority to make this Affidavit and that he has read the foregoing Notice of Removal and knows the contents thereof and the matters and things therein mentioned are true.

_____
PETER J. WANEK

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS 3 DAY OF
JANUARY, 2007.

Charles Devin Fadaol
Bar Roll # 26878

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MIDTOWN INVESTMENTS, L.L.C. | * | CIVIL ACTION NO: |
| VERSUS | * | JUDGE |
| STATE FARM FIRE AND CASUALTY COMPANY | * | MAGISTRATE |

### CERTIFICATE OF COMPLIANCE WITH 28 USC 1446 (D)

I hereby certify that a copy of the foregoing Notice of Removal has been placed in the United States Mail, with proper postage affixed, addressed to: Midtown Investments, L.L.C. through their attorney of record, Albert Nicaud.

I hereby further certify that a copy of the foregoing Notice of Removal has been placed in the United States Mail, with proper postage affixed, addressed to: Honorable Clerk of Court, Civil District Court, Parish of Orleans, State of Louisiana for filing in the record in the state court action entitled: "Midtown Investments, L.L.C. versus State Farm Fire and Casualty Company", bearing case number 06-9683, Division "H", on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana.

Metairie, Louisiana, this 3rd day of January, 2007.

MCCRANIE, SISTRUNK, ANZELMO
HARDY, MAXWELL & MCDANIEL
3445 North Causeway Boulevard
Suite 800, Metairie, LA 70002
Telephone: (504) 831-0946
Telecopier: (504) 831-2492

_____
THOMAS P. ANZELMO (2533) (tanzelmo@mcsalaw.com)
PETER J. WANEK (23353) (pwanek@mcsalaw.com)
C. DEVIN FADAOL (26878) (dfadaol@mcsalaw.com)
Attorneys for Defendant, State Farm Fire
and Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on counsel of record by placing the same in the United States Mail, postage prepaid and properly addressed, January 3, 2007.

_____

EXHIBIT "1"

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 06-9683  Hurricane Litigation             DIVISION "H-12"

MIDTOWN INVESTMENTS, L.L.C

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____      _____
                                         DEPUTY CLERK

**PAID**

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Midtown Investments, L.L.C., a domestic corporation authorized to do and doing business in this Parish and State, who respectfully avers as follows:

I.

Made Defendant herein is State Farm Fire and Casualty Company (hereinafter referred to as "State Farm"), a foreign insurer authorized to do and doing business in this Parish and State.

II.

State Farm is liable to Petitioner for such damages as are reasonable in the premises together with legal interest thereon from the date of judicial demand until paid, for statutory penalties and attorney's fees, and for all costs of these proceedings for the following reasons to wit:

III.

Petitioner is the owner of commercial structures located at 130-136 South Broad Street, 5793 Crowder Blvd., and 2216-22 Canal Street.

IV.

On August 29, 2005, Hurricane Katrina ravaged the Southeast Louisiana and severely damaged the above described properties.

V.

On the date of occurrence, State Farm had in full force and effect policies of insurance covering Petitioner for the damages sustained by the premises from wind and wind driven rain, as well as coverage for contents, loss of use, business interruption, loss of rents, dependant properties and other coverages under the policy.

VI.

Petitioner took timely action to mitigate damages to the subject property.

VII.

As a result of the high winds and wind driven rain from Hurricane Katrina, Petitioner has sustained the following damages:

1. Physical damage to the structures and other structures on the premises;
2. Damage to their contents;
3. Loss of use of the premises;
4. Loss of rents;
5. Additional expenses; and
6. Other damages covered under the policy.

VIII.

Petitioner sent satisfactory proofs of loss to State Farm demanding payment of claims under the various coverages set forth above and in the policy of insurance.

IX.

Despite having received satisfactory proofs of loss and demand therefore, State Farm has failed to make such payments within 60 days after receipt of satisfactory written proofs and demand therefore and has failed to make a written offer to settle such claims and such failure is arbitrary, capricious and without probable cause.

X.

Because State Farm has failed to tender the amount due or make a written offer to settle the property damage claims of Petitioner within 30 days of receipt of satisfactory proof of loss, then State Farm is liable to Petitioner for a 50% penalty, plus a 50% attorney's fee, pursuant to LSA R.S. 22:658.

XI.

Because State Farm has failed to tender the amount due or make a written offer to settle the property damage claims of Petitioner within 60 days of receipt of satisfactory proof of loss, then State Farm is liable to Petitioner for up to double damages, pursuant to LSA R.S. 22:1220.

## XII.

It is further alleged that State Farm failed to initiate loss adjustment of the property damage claim within 30 days after notification of loss by Petitioner and is subject to additional penalties pursuant to LSA R.S. 22:658(A)(3).

WHEREFORE, Petitioner prays that this Petition be deemed good and sufficient, and after due proceedings, there be judgment herein in favor of Midtown Investments, L.L.C. and against State Farm Fire and Casualty Company, for such damages as are reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for penalties and statutory attorney's fees and for all general and equitable relief.

Respectfully submitted,

ALBERT J. NICAUD, #19261
NICAUD, SUNSERI & FRADELLA, LLC
3000 18th Street
Metairie, LA 70002
Telephone: (504) 837-1304
Attorney for Midtown Investments, L.L.C.

**PLEASE HOLD SERVICE:**
State Farm Fire and Casualty Company
Through its agent for service of process
Louisiana Secretary of State
8549 United Plaza Blvd.
Baton Rouge, LA 70809

A TRUE COPY

EXHIBIT "2"

ATTORNEY'S NAME: Nicaud, Albert 19261
AND ADDRESS: Ste 101, 3525 N Causeway Blvd
Metairie   LA 70002-0000

12/12/2006 TUE 12:51 FAX 9288771    STATE FARM AUTO CLAIM    ☒002

# STATE OF LOUISIANA
## SECRETARY OF STATE



HELEN CUMBO
ADMINISTRATOR
COMMERCIAL DIVISION

LEGAL SERVICES SECTION
P.O. BOX 94125, BATON ROUGE, LA 70804-9125
(225) 922-0415

12/08/06

STATE FARM FIRE & CASUALTY COMPANY
STATE FARM INSURANCE COMPANIES
DAVID A. ROSS - CLAIMS MANAGER
2370 TOWNE CENTER BLVD.
BATON ROUGE, LA 70806

SUIT NO: 20069683
CIVIL DISTRICT COURT
PARISH OF ORLEANS

MIDTOWN INVESTMENTS, LLC
vs
STATE FARM FIRE & CASUALTY CO.

LEGAL DOC...
UNIT: Fire Shu    Fire Shu    Fire Shu
OFFICE:
REP:
18-R174-255
CLAIM #: 18-R174-254   18-R337-658
STATE FARM INSURANCE COMPANIES

130-136 S. Broad St   5193 Crowder
NO.

Dear Sir/Madam:

I am enclosing citation served in regard to the above entitled proceeding. Please call the attorney that filed this document if you have any questions regarding this proceeding. If you received this document in error, please return it to the above address with a letter of explanation.

Yours very truly,

JAY DARDENNE
Secretary of State

Served on: HELEN CUMBO          Date: 12/07/06 at 3:00 PM
Served by: J. BROWN             Title: DEPUTY SHERIFF

| Received  | Number | Date     | Paid By            | Amount |
|-----------|--------|----------|--------------------|--------|
| CHECK/M.O.| 84095  | 11/28/06 | ORLEANS CVL. SHERIFF | 25.00 |
| RG        |        | $350.00  |                    |        |

NO. 637266

RECEIVED BY
DEC 11 2006
WEDGEWOOD CSC

DEC 11 2006
WEDGEWOOD CSC

EXHIBIT "3"

 **McCranie Sistrunk Anzelmo Hardy Maxwell & McDaniel** PC

3445 N. Causeway Blvd.   Suite 800   Metairie, LA 70002
(504) 831-0946   (504) 831-2492 Fax   www.mcsalaw.com

December 14, 2006

Albert J. Nicaud, Esq.
3000 18th Street
Metairie, LA 70002

    RE:    Midtown Investments, L.L.C. v. State Farm
           CDC Ca No.: 06-9683/H-12
           **Our File:**    1602-78- 6

Dear Mr. Nicaud:

    Our firm is representing State Farm Fire and Casualty Co., in this matter you have filed on behalf of Midtown Investments, L.L.C. We are requesting a 30 day extension of time on behalf of our client, State Farm Fire and Casualty Company. We have enclosed a copy of the Motion and Order For Extension of Time that we are filing with the court.

    We are also enclosing for your review and consideration the attached Joint Stipulation which confirms that your client will not be seeking more than $75,000 from our client in this cause. I will need this signed Stipulation back to me before December 22, 2006 or else we will have no choice but to remove this case to federal court and then have you stipulate same through a Motion to Remand. We would prefer not to have to go this route; therefore, we trust that you will sign this Stipulation and return it to me on or before December 22nd.

    Your professional courtesies extended in this matter are greatly appreciated.

                                        Cordially,

                                        Toni Leard, Paralegal to
                                        Peter J. Wanek, Esq.

/tl
enc.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NUMBER: 06-9683                                          DIVISION: "H-12"

MIDTOWN INVESTMENTS, L.L.C.

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY

FILED:_____          _____
                                               DEPUTY CLERK

## JOINT STIPULATION

Plaintiff, Midtown Investment, L.L.C., and defendant, State Farm Fire and Casualty Company, hereby stipulate that the plaintiff's damages in the captioned matter cannot exceed the sum of $74,999.99.

Plaintiff, Midtown Investment, L.L.C. specifically waives, releases, and remits their claim to any damages greater than $74,999.99 and agrees that any judgment in excess thereof shall be reduced to $74,999.99, exclusive of interest and costs. Plaintiff, Midtown Investment, L.L.C., further agrees to be bound by this Joint Stipulation and that they are precluded from demanding damages greater than $74,999.99.

Respectfully Submitted,

_____
ALBERT J. NICAUD, 19261
3000 18TH STREET                         BY:_____
Metairie, Louisiana 70002                    MIDTOWN INVESTMENT, L.L.C.
Telephone: (504) 837-1304
Fax No.:
Attorney for Plaintiff
Midtown Investment, L.L.C.

_____
THOMAS P. ANZELMO, T.A.(2533)
PETER J. WANEK (23353)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & McDANIEL
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492
Attorney for Defendant