UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF LOUISIANA

MIDTOWN INVESTMENTS, L.L.C.                     CIVIL ACTION

VERSUS                                          NO: 07-68

STATE FARM FIRE AND CASUALTY                    SECTION: J(3)
COMPANY

                              **ORDER AND REASONS**

Before the Court is Defendant State Farm Fire and Casualty Insurance Company's ("State Farm") **Motion to Exclude Testimony of Marc Dahlman (Rec. Doc. 67).**  This motion, which is opposed, is set for hearing on June 25, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that State Farm's motion should be denied.

                              **Background Facts**

This matter involves claims under three separate business insurance policies issued by State Farm for three different properties which suffered varying degrees of damage as a result of Hurricane Katrina.  State Farm made payments for property damage and loss of rental income pursuant to the business

insurance policies.  Plaintiff filed suit, alleging that additional payments are due.

In this jury trial, which is scheduled for August 18, 2008, State Farm seeks to exclude the testimony of Plaintiff's expert, Marc Dahlman.  Dahlman is a building contractor and formerly licensed building inspector who prepared estimates for construction repair work on Plaintiff's three properties.

## Discussion

In support of its motion, State Farm argues that the actual cost of the repair work subsequently performed on Plaintiff's properties is a more accurate reflection of the cost to repair the properties than are Dahlman's estimates.  As a result, Dahlman's testimony is irrelevant given the presence of actual repair costs, which are far less than Dahlman's estimates.[1]

Furthermore, according to State Farm, Dahlman's methodology is flawed and unreliable, and should be excluded pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  According to State Farm, Dahlman included estimates for damaged items that he never inspected, and he never actually inspected the interior of one of the buildings.  Furthermore, Dahlman himself revised his own estimates based on mistakes pointed out to him in his depositions by defense counsel.  As

---

[1] Dahlman only prepared the estimates; he did not perform the repair work on any of the properties at issue.

such, State Farm argues that such practices indicate the use of unreliable methodology by Dahlman in calculating the estimated damages to Plaintiff's properties.

In opposition, Plaintiff points out that the repairs done to one of the properties were carried out by Plaintiff's tenant according to that tenant's specifications.  Therefore, such costs are not necessarily indicative of the costs to restore the property to its pre-Katrina condition, which Dahlman's estimates are meant to reflect.  Additionally, Dahlman's pricing reflects the actual cost in 2006; the repairs took place in 2007 "when the construction pricing stabilized."

In reply, State Farm further questions the reliability of Dahlman's methodology, to which Plaintiff responds that such matters are more properly addressed by State Farm's cross-examination of Dahlman at trial rather than the exclusion of his testimony.

This Court agrees.  Whatever deficiencies in Dahlman's estimates and/or methodology, they do not so offend the <u>Daubert</u> reliability standard so as to preclude their admission.  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  <u>Daubert</u>, 509 U.S. at 596.  Accordingly,

**IT IS ORDERED** that State Farm's **Motion to Exclude Testimony**

**of Marc Dahlman (Rec. Doc. 67)** is hereby **DENIED.**

New Orleans, Louisiana, this 24th day of June, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE